RALPH PRATHER, BY HIS NEXT FRIEND, J. T. PRATHER, v. UNION
    NATIONAL BANK AND HOME REALTY AND MANAGEMENT COM-
    PANY.

(Filed 6 January, 1937.)

**Negligence § 4d—Injury to child must be reasonably foreseeable in order
    for doctrine of attractive nuisance to apply.**

The complaint alleged that one defendant owned and the other defend-
ant had control as realty agent of a certain house and lot within the city
limits, that the house had become dilapidated and had been condemned
as unfit for occupation by the city, that defendants knew of its condition,
and that children were attracted thereto and were in the habit of playing
on the lot and in the house, that plaintiff, a child of seven years, while
playing with other children on the premises, climbed up the inside wall
to the ceiling, and out over the ceiling into the loft, and that the ceiling
was rotten and gave way, causing plaintiff to fall to his injury. Defend-
ants demurred to the complaint. *Held:* The demurrers should have been
sustained, since the complaint fails to state facts from which it can be
held that defendants were under duty to foresee that a child would climb
up the inside wall of the house and then crawl out on the ceiling under
the roof, and the doctrine of attractive nuisance cannot be extended to
apply to injuries which could not have been reasonably foreseen.

APPEAL by defendants from *McElroy, J.,* at June Term, 1936, of
MECKLENBURG. Reversed.

This is an action to recover damages for personal injuries which the
plaintiff, a child seven years of age, suffered when he fell through the
ceiling from the loft to the floor of a house, in the city of Charlotte,
which was owned by the defendant Union National Bank, and was at
the time under the control of its codefendant, Home Realty and Manage-
ment Company, as its agent, while he was playing with other children
in said house.

The facts alleged in the complaint as constituting plaintiff's cause of
action against the defendants are as follows:

On 14 July, 1935, the defendant Union National Bank was the owner
of a lot of land which fronts on an alley in the city of Charlotte. There
was located on said lot a house, which was unoccupied. The said house
and lot were under the control of the defendant Home Realty and Man-
agement Company, as the agent of its codefendant. The said house was
old and in a dilapidated condition. Both defendants knew that said
house was unoccupied, and in an unsafe and dangerous condition. It
had been condemned by the city of Charlotte as unfit for occupancy
because of its condition.

On said day, to wit: 14 July, 1935, the plaintiff, a child seven years
of age, was playing with other children of tender years on said lot and in
and around said house. They were playing a childish game known as

"hide and seek." The plaintiff entered said house and climbed up the inside wall to the ceiling. He then crawled out over the ceiling into the loft, for the purpose of hiding from the other children. The ceiling was rotten and gave way under the weight of plaintiff's body, causing him to fall through the ceiling from the loft to the floor: As the result of his fall, the plaintiff suffered serious and permanent injuries, by reason of which he has sustained damages in the sum of $10,000.00.

For some time prior to the date of his injuries, the plaintiff and other children of tender years, had been in the habit of going upon the lot on which the house was located for the purpose of engaging in play. They were attracted to said lot because of the condition of the house. They played not only on the lot but also from time to time in the house. Both defendants knew that children of tender years were in the habit of playing on said lot and in and around said house. Neither of the defendants had done anything to prevent children from going on said lot and into said house for the purpose of play.

Both defendants demurred to the complaint on the ground that the facts stated therein are not sufficient to constitute a cause of action. The demurrer was overruled, and defendants appealed to the Supreme Court, assigning as error the overruling of their demurrer.

*Hiram P. Whitacre and James L. DeLaney for plaintiff.*
*Whitlock, Dockery & Shaw for defendants.*

CONNOR, J. In this case it is contended on behalf of the plaintiff that the defendants are liable to him for the damages which he has sustained by reason of the injuries which he suffered, as alleged in the complaint, on the principle on which the attractive nuisance doctrine is founded. See *Sioux City & Pacific Railroad Company v. Stone,* 17 Wall., 657, 21 L. Ed., 745. This doctrine has been repudiated by the courts of many of the states, but has been recognized by this Court as sound in principle and humane in policy. Thus, in *Briscoe v. Lighting & Power Co.,* 148 N. C., 396, 62 S. E., 600, it is said:

"It must be conceded that the liability for injuries to children sustained by reason of dangerous conditions on one's premises is recognized and enforced in cases in which no such liability accrues to adults. This we think sound in principle and humane in policy. We have no disposition to deny it or to place unreasonable restrictions upon it. We think that the law is sustained upon the theory that the infant who enters upon premises, having no legal right to do so, either by permission, invitation, or license, or relation to the premises or its owner, is as essentially a trespasser as an adult; but, if to gratify a childish curiosity, or in obedience to a childish propensity excited by the character of the structure or other conditions, he goes thereon, and is injured by the failure of the

owner to properly guard or cover the dangerous conditions which he has created, he is liable for such injuries, provided the facts are such as to impose the duty of anticipation or prevision; that is, whether, under all of the circumstances, he should have contemplated that children would be attracted or allured to go upon his premises and sustain injury."

In the instant case, no facts are alleged in the complaint upon which it can be held that any duty was imposed by the law upon the defendants, or either of them, to foresee that a child who had gone upon the premises of the defendants to play with other children would climb up the inside wall of the house and then crawl out on the ceiling under the roof. Conceding that the defendants knew that the ceiling was rotten and defective, it does not follow that defendants owed to the plaintiff the duty to foresee that he would crawl between the ceiling and the roof of the house, and to guard against the danger which the plaintiff would thereby incur.

The "attractive nuisance doctrine" cannot be extended to apply to the facts alleged in the complaint and admitted by the demurrer in this case, and thereby impose liability upon the defendants for injuries which they could not have foreseen would be suffered by the plaintiff.

The demurrer should have been sustained. The order overruling the demurrer is

Reversed.